http://www.va.gov/vetapp16/Files4/1630501.txt

Citation Nr: 1630501 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 07-30 195 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts

THE ISSUE

Entitlement to service connection for a bilateral foot disability.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

A. G. Alderman, Counsel

INTRODUCTION

The Veteran served on active duty from September 1980 to July 1993.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2003 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia. Jurisdiction over the Veteran's claims file was subsequently transferred to the RO in Boston, Massachusetts.

Service connection for a bilateral foot disorder was initially denied in a March 2003 rating decision, from which the Veteran did not appeal. In August 2005, the Veteran submitted a claim to reopen the issue of entitlement to service connection for a bilateral foot disorder, which was denied in a March 2006 rating decision. Thereafter, the Veteran perfected an appeal. In March 2013, the Board determined that the finality of the prior final denial was vitiated by the receipt of service treatment records which were not associated with the Veteran's claims file at the time of the March 2003 denial and remanded the above-captioned claim for reconsideration of the March 2003 rating decision. See 38 C.F.R. § 3.156(c) (2015). Accordingly, the March 2003 rating decision is the decision currently on appeal before the Board.

The Board remanded this matter in November 2011, March 2013, August 2013, January 2015, and December 2015 for additional development.

The current record before the Board consists entirely of electronic files known as Virtual VA and the Veterans Benefits Management System (VBMS).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Board remanded this matter in November 2011 for the issuance of proper notice, finding that the claim for service connection for bilateral foot disabilities was in fact a request to reopen a previously denied claim for benefits. The RO provided proper notice in November 2011.

In March 2013, the Board found that the finality of the prior denial, issued in March 2003, was vitiated by subsequent receipt of service records, and recharacterized the issue on appeal as entitlement to service connection. The Board remanded the claim to schedule a VA examination to determine the etiology of her bilateral foot disabilities.

In August 2013, the Board found the April 2013 opinion addressing the etiology of the Veteran's bilateral foot disabilities inadequate for rating purposes. On remand, the Board asked that the April 2013 VA examiner, or another appropriate examiner, provide an addendum opinion addressing the relationship of the Veteran's bilateral foot disabilities to her period of service.

In January 2015, the Board found that the addendum opinion obtained in September 2013 was inadequate for rating purposes because the opinion was based on an inaccurate factual history. The Board remanded this matter for an additional addendum opinion.

In December 2015, the Board observed that in March 2002, the RO sent an email to the Records Management Center (RMC) indicating that the Veteran's service treatment records had not been received and requested that the RMC send them as soon as possible. In an email dated later that month, the RMC indicated that it did not have any service treatment records for the Veteran. In a December 2002 letter, the RO informed the Veteran that it had not received service treatment records and requested that she submit any records in her possession. Thereafter, the Veteran submitted copies of some of her service treatment records. The Board found no indication that the RO made any further attempts to locate the Veteran's complete service treatment records or that a request for service treatment records had been submitted to the National Personnel Records Center (NPRC). The Board also found that there had been no formal finding of unavailability of such records. The Board remanded this matter and directed the RO to make an additional attempt to obtain service treatment records and/or issue a formal finding of unavailability of records. See 38 C.F.R. § 3.159(c)(2) (2015). The Board points out that in July 2009, the RO submitted a code O18 request to the Personnel Information Exchange System (PIES), an application that manages requests for veteran information from records stored at NPRC or maintained by individual branches of service. Code O18 indicates the request is related to PTSD and that the personnel file should be provided. See M21-1MR, Part III, Subpart iii, Chapter 2, Section D. The Board has also noted that the RO apparently made a request for service records to the National Archives and Records Administration (the parent organization of the NPRC) characterized as a Code O50 request in February 2016 which resulted in the receipt of additional service personnel records which are marked as being the property of the NPRC, but no service treatment records were received. Despite the Board's directive in the December 2015 remand order, the RO did not make any additional attempts to obtain service treatment records or issue a formal finding of unavailability of records. Consequently, the Board must find that the development ordered in December 2015 has not been substantially completed. See Stegall v. West, 11 Vet. App. 268 (1998).

Accordingly, the case is REMANDED for the following action:

1. The RO must either make additional attempts to secure the complete service treatment records or, if the RO has concluded that all appropriate attempts to secure the Veteran's complete service treatment records have already been accomplished, the RO must issue a formal finding of unavailability of service medical records in compliance with M21-1MR. 

2. Then, readjudicate the Veteran's claim on appeal. If the benefits sought on appeal remain denied, the Veteran and her representative should be provided a supplemental statement of the case. Allow an appropriate period of time for response.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL MARTIN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).